UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

              Plaintiff,

-against-

DAVID P. TURCHI, ESQ.,

              Defendant.

22-CV-1862 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, asserting claims against his former criminal defense attorney. By order dated March 9, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges the following facts. Between March and August 2021, in order "to encourage continual support" from his criminal defense attorney, David Turchi, Plaintiff sent him "a continuous stream [of] financially empowering information and advice," including "the Motley Fool Investment Guide." (ECF 2 at 3, ¶ 7.)

In October 2021, Plaintiff's criminal proceedings were reassigned to Justice Laura Ward, who then ordered that Plaintiff be examined under New York's Criminal Procedure Law § 730. (*Id.* at 2, ¶ 3.) Justice Ward further indicated that Turchi could "file any pretrial motions necessary to resolve the case."[2] (*Id.* at ¶ 4.) Plaintiff had discussed with Turchi the possibility of filing "an [e]xpedited [w]rit of *habeas corpus* . . . or [applications] to dismiss or reduce the charges, reduce bail or request . . . [r]elease on [r]ecognizance." (*Id.*) Turchi requested a six-week adjournment, to December 21, 2021, but ultimately filed no applications. Plaintiff objected to his attorney's representation, and on December 21, 2021, he was assigned new defense counsel.

Plaintiff alleges that Turchi "maliciously mailed a CD of medical/psychiatric records" to "Rikers Island's Correctional Officers, allegedly for re-mailing to the plaintiff at Bellevue." (*Id.* at 3, ¶ 6.)

Plaintiff brings suit against his former attorney under Section 1983, asserting that Turchi violated "attorney/client privilege and confidential information exchange," and that he

---

[2] Plaintiff also brought an action against Justice Ward, of the Supreme Court of the State of New York, New York County. *See Nieves v. Ward*, No. 22-CV-1382 (LTS) (S.D.N.Y.).

committed violations of the Code of Professional conduct. (*Id.* at 4.) Plaintiff seeks damages and asks that a "competent attorney" be assigned "to litigate this case for a timely dismissal against recorded evidence of the defendant's defraudment of taxpayers (embezzlement), racketeering, slavery and conspiracy." (*Id.*)

## DISCUSSION

### A.    Plaintiff's Claims

To state a claim under Section 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because Section 1983 governs the conduct of state actors, private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), providing legal representation in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish state action, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of section 1983). Defendant Turchi is a private party, and his representation of Plaintiff does not render him a state actor. The allegations of the complaint also do not suggest any

special circumstances. Plaintiff therefore fails to state a claim against Defendant Turchi under Section 1983.

Plaintiff's complaint could be liberally construed as also asserting state law claims. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**B.    Litigation History and Warning**

Plaintiff has previously filed an identical complaint against Turchi in this court, which the Court dismissed on March 2, 2022. *See Nieves v. Turchi*, ECF 1:22-CV-1384, 6 (S.D.N.Y. Mar. 2, 2022) (dismissing identical complaint against Turchi for failure to state a claim on which relief

4

may be granted).³ Because it appears that Plaintiff placed the complaint in this action into the prison mailing system on February 19, 2022 (*see* ECF 2, at 11), nearly two weeks before the Court issued the order dismissing his first suit against Defendant Turchi, Plaintiff could not have known at the time of filing that the Court had dismissed his prior identical action. It nevertheless appears that Plaintiff filed this duplicate action without any valid reason for doing so.

In addition to his prior case against Turchi, Plaintiff has filed three other complaints that included claims against his former attorneys that were dismissed on the same grounds as his claims against Turchi. *See Nieves v. Martir*, ECF 1:20-CV-9839, 9 (S.D.N.Y. Dec. 23, 2020) (dismissing Plaintiff's complaint against his former attorney for failure to state a claim on which relief may be granted); *Nieves v. Andrew F. Plasse & Assocs.*, ECF 1:20-CV-9596, 7 (S.D.N.Y. Nov. 20, 2020) (dismissing Plaintiff's complaint against his former lawyers for failure to state a claim on which relief may be granted); *Nieves v. New York City Health & Hosp. Corp.*, ECF 1:21-CV-6720, 8 (S.D.N.Y. Sept. 17, 2021) (dismissing, among other claims, Plaintiff's claims against his former attorney for failure to state a claim on which relief may be granted).⁴

In light of Plaintiff's history of filing Section 1983 claims against private attorneys, the Court finds that Plaintiff was or should have been aware when he filed this action that the

---

³ Plaintiff brought another prior action in this Court against Turchi but voluntarily withdrew it, and the matter was dismissed without prejudice. *See Nieves v. Turchi*, ECF 1:21-CV-7119, 4 (S.D.N.Y. Sept. 8, 2021).

⁴ Plaintiff has filed other cases in this court that have also been dismissed. *See, e.g.*, *Nieves v. Ward*, ECF 1:22-CV-1382, 5 (S.D.N.Y. Mar. 3, 2022) (dismissing Plaintiff's complaint against New York State Supreme Court Justice Laura Ward as frivolous and for seeking relief against a defendant who is immune from such relief, dismissing Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine, and dismissing his claims for *habeas corpus* relief without prejudice); *Nieves v. Liman,* ECF 1:20-CV-9503, 8 (S.D.N.Y. Dec. 7, 2020) (dismissing the complaint for failure to state a claim on which relief may be granted and for seeking monetary relief from defendants who are immune from such relief); *Nieves v. City of New York*, ECF 1:20-CV-2138, 10 (S.D.N.Y. Oct. 16, 2020) (dismissing the complaint as barred by the *Colorado River* doctrine), a*ppeal dismissed as frivolous*, No. 20-3875 (2d Cir. Oct. 26, 2021).

complaint failed to state a claim on which relief may be granted. Plaintiff is warned that further duplicative, repetitive, or meritless litigation in this Court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 25, 2022
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge